## PROVISION BY WILL FOR LUXURIES FOR INFIRMARY INMATES.

Circuit Court of Lorain County.

JUDSON C. STARR v. N. H. FORBES ET AL.

Decided, May 1, 1907.

*Trust—To Provide Luxuries for Inmates of Infirmary—Enforcible.*

A trust created in a will for the purpose of providing for the inmates of a county infirmary such luxuries as they would not have in the regular administration of the institution, is not illegal or impossible of accomplishment.

*Geo. H. Chamberlain,* for plaintiff in error.

*E. G. & H. C. Johnson, Ingersoll, Stetson & Wilcox, F. M. Stevens* and *Laurence Gillmore,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This is an action by an heir at law against legatees in trust who are in possession of a fund which, it is alleged, they had no

capacity to take. By the will of Orline R. S. Hamilton, the residue of her estate remaining after the payment of certain other bequests, was bequeathed to the directors of the Lorain County Infirmary, and their successors in office forever, upon certain trusts for the poor of said county, who were defined to be, in a suit instituted for the purpose of construing the trust, the inmates of said infirmary. In that suit it was also decreed that the object of the trust was to provide for said inmates such luxuries as they would not have in the regular administration of that institution. Some $3,813.17 is now in the possession of the directors of said infirmary, who are the successors in office of the persons who occupied that position at the time the will was made and the bequest paid. The estate has been fully settled, and this action is brought without making the executor a party. It is objected on behalf of the infirmary directors that they are not liable to be thus directly sued, but in the view we take of the case, it is not necessary to determine that question. The main contention is that neither Section 20, nor any other section of the Revised Statutes of Ohio, empowers infirmary directors as such, to take a legacy, or to accept or execute a charitable trust; that the testator's intention was to repose a personal confidence in those whom the people might elect to the office of infirmary director, and to those who by reason of occupying that official position would be peculiarly qualified to carry out her wishes, and that, therefore, no substitute trustees appointed by a court of equity could carry out the purpose of the will; that in any event the interference with the public administration of the poor laws and incentives offered by the trust thus sought to be created, to induce the poor to become public charges in order that they may become beneficiaries of this fund, are so repugnant to the public policy of the state as to render the trust illegal and impossible of accomplishment through any agency, official or non-official.

Upon the other hand it is claimed that the infirmary directors are within the spirit if not the letter of Section 20 of the Revised Statutes of Ohio; that no statutory authority is required to authorize public officers to administer *quasi*-public trusts; that if the infirmary directors can not take in their official

capacity, they may nevertheless take as individuals, and that in any event, if the trustees named in the will are incapable of taking, a court of equity may and should in the case of a charitable trust, appoint suitable trustees to carry out the general purpose provided for in the will.

It is perfectly manifest that the plaintiff's case must stand or fall upon its own merits. Unless the trust provided by the will is utterly illegal or incapable of enforcement by any lawful means, the plaintiff has no claim to this fund. It is not necessary for us to decide whether or not the title of the trustees who now have possession of the fund is unassailable, unless we further hold that the trust itself is void. We see nothing incompatible with the public policy of the state and with the enlightened humanitarianism which it offers, to defeat this most charitable attempt to alleviate the unfortunate condition of those who through age, sickness or other adverse circumstances become unable to support themselves, and hence a charge upon the community. This is eminently such a public or eleemosynary trust as will be enforced by a court of equity, if necessary, through a trustee of its own appointment. It is not to be supposed that the testator reposed a personal confidence in persons whom she never saw or knew, simply because they held elective office and have supervisory control over paupers. On the contrary, a court of equity must be presumed to be quite as capable of appointing a trustee who is well qualified to administer a trust of this character, as the general electorate of the county, and if necessary, such trustee can hereafter be appointed.

It follows, therefore, that the plaintiff's claim to this fund, resting as it does upon the supposed invalidity of this trust, is not well founded, and his petition is dismissed.